UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JANET L. SIMS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-36

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

# REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply memorandum (doc. 12), the administrative record (doc. 7),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of April 15, 2013. PageID 255-61. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, affective disorder, borderline intellectual function ("BIF"), hypertension, and obesity. PageID 75.

After an initial denial of her applications, Plaintiff received a hearing before ALJ Benjamin Chaykin on February 3, 2016. PageID 93-114. The ALJ issued a decision on February 23, 2016 finding Plaintiff not disabled. PageID 72-86. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[4] "there are jobs in that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 79-85.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 46-48. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 72-86), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc.

---

[4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. *Id.* Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id.* It may also involve frequent stooping, grasping, holding, and turning objects. *Id.* "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

11), and Plaintiff's reply (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence; and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.     **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

# III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) concluding that her impairments do not meet or medically equal Listing §§ 12.05(B) and/or 12.05(C) and (2) not identifying and resolving apparent conflicts between the Dictionary of Occupational Titles ("DOT") and Vocational Expert ("VE") Mark Penti's testimony. Doc. 10 at PageID 515-21.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; posed appropriate hypothetical questions to the VE; accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five, that Plaintiff can perform a significant number of jobs in the national economy.

## A. Listings

Plaintiff first argues the ALJ erred by finding that she did not meet or medically equal Listing §§ 12.05(B) and/or 12.05(C). PageID 516-19. The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the [L]istings yields an automatic determination of disability . . . the evidentiary standards [at Step Three] . . . are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014).

Plaintiff has the burden of proving that he or she meets or equals all of the criteria of a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987).

Listing § 12.05 provides in relevant part:

12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning[5] initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements of A, B, C, or D are satisfied.

. . .

(B) A valid verbal, performance, or full scale IQ of 59 or less; or

(C) A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05.

In other words, for a claimant to meet or medically equal Listing § 12.05, he or she must meet the criteria under subsection A, B, C, or D, as well as "satisfy the diagnostic description" in the introductory paragraph, *i.e.*, "(1) subaverage intellectual functioning; (2) onset before age twenty-two; and (3) adaptive-skills limitations." *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 675 (6th Cir. 2009) (internal citations omitted); *Golden v. Comm'r of Soc. Sec.*, 591 F. App'x 505 (6th Cir. 2015) (citing *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001)). "The adaptive skills prong evaluates a claimant's effectiveness in areas such as social skills, communication skills, and daily-living skills." *Id.* at 677 (internal citation omitted).

Substantial evidence supports the ALJ's Listings analysis. Although Plaintiff arguably meets the criteria under subsection (B) -- with a Full Scale Intelligence Quotient ("IQ") of 59

---

[5] While Listing § 12.05 does not define "adaptive functioning," another portion of the Listings defines "adaptive activities" as "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for your grooming and hygiene, using telephones and directories, and using a post office." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(1).

prior to age 22, PageID 78 -- the ALJ reasonably concluded that Plaintiff does not meet the "deficits in adaptive functioning" prong in the introductory paragraph of Listing § 12.05. PageID 75-79; *see Kent v. Comm'r of Soc. Sec.*, No. 3:14-cv-285, 2015 WL 569642, at *5 (S. D. Ohio Sept. 29, 2015). In so finding, the ALJ considered that Plaintiff helps raise her grandchildren and helps them get ready for school and with homework; performs household chores; handles her own finances and pays bills; manages her own personal care; takes public transportation; and she worked as a family babysitter for several years. PageID 76-79. Also supporting the ALJ's conclusion is consultative examiner Giovanni M. Bonds, Ph.D.'s 2013 diagnosis of BIF. PageID 398.

Similarly, although Plaintiff arguably satisfies the criteria under subsection (C) -- with a Verbal IQ of 61 prior to age 22, PageID 78, and several physical and mental impairments that the ALJ found to be "severe" at Step Two, PageID 75 -- the ALJ again reasonably concluded that Plaintiff does not meet the "deficits in adaptive functioning" prong in the introductory paragraph of Listing § 12.05. PageID 75-79. Accordingly, although there is evidence upon which the ALJ could have relied to find that Plaintiff met or equaled Listing § 12.05(C) -- including her difficulties with reading and writing, PageID 77 -- substantial evidence supports the ALJ's ultimate conclusion at Step Three. *See Peterson,* 552 F. App'x at 539; *see also Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("[e]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to the ALJ's decision if it is supported by substantial evidence). The undersigned therefore recommends that Plaintiff's first assignment of error be overruled.

**B. VE Testimony**

Plaintiff next argues that the VE's testimony conflicted with the DOT. She asserts that the DOT descriptions of the jobs identified by the VE did not comply with the ALJ's RFC limitation. PageID 519-21. Following the ALJ's question describing a hypothetical person with specific limitations, the VE testified that, in the national economy, there are approximately one million medium, unskilled jobs. PageID 112. Specifically, the VE testified that some examples of medium, unskilled jobs include an industrial cleaner, a warehouse worker and a packager. *Id.*

At Step Five of the sequential analysis, an ALJ may consider "'reliable job information' available from various publications . . . includ[ing] the DOT" or testimony from a VE as evidence of the claimant's ability to do other work "that exists in the national economy." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603 (6th Cir. 2009) (quoting SSR 00-4p, 2000 WL 1898704, at *2). A VE's response to a hypothetical question accurately portraying the claimant's impairments constitutes substantial evidence for determining whether a disability exists. *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 845 (6th Cir. 2005) (internal citations omitted).

"When a VE . . . provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any potential conflict between that VE . . . and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *4. If the VE's testimony "appears to conflict with the DOT," the ALJ is required to "obtain a reasonable explanation for the apparent conflict." *Id.* The ALJ's duty in this regard is "satisfied if he or she asks the VE whether his or her testimony is consistent with the DOT." *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 508 (6th Cir. 2013) (citation omitted). An ALJ's failure to make

this inquiry constitutes harmless error when the plaintiff fails to demonstrate an actual conflict between the VE's testimony and the DOT. *Id*.

This second argument is without merit because the VE is not required to follow the DOT. *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir.2003). In addition, because Plaintiff's counsel did not notify the ALJ of any conflicts between the VE's testimony and the DOT, *see* PageID 111-14 the ALJ fulfilled his duties by asking the VE whether he saw "any evidence that conflict[ed] with the [DOT]." PageID 113. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009). Therefore, the undersigned recommends Plaintiff's second assignment of error be overruled.

## IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date: January 23, 2018        s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).