IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JANET L. SIMS,

    Plaintiff,

vs.

NANCY A. BERRYHILL,

Acting Commissioner of the
Social Security Administration,

    Defendant.

:
:
:
:
:
:
:
:
:

Case No. 3:17-cv-36

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
MICHAEL J. NEWMAN

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13); OBJECTIONS OF PLAINTIFF, JANET L. SIMS, TO SAID JUDICIAL FILING (DOC. #14) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, AND AGAINST PLAINTIFF, AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff Janet L. Sims ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 23, 2018, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #13, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed.

Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #13, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #7, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES Plaintiff's Objections, Doc. #14, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of the Commissioner and against Plaintiff, affirming the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."

*Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Plaintiff's sole Objection to the Report and Recommendations is that the Commissioner's Administrative Law Judge ("ALJ") erred in finding that she does not meet or equal 20 C.F.R. Pt. 4 Subpt. P. App'x 1 § 12.05 ("Listing 12.05"), Intellectual Disability as that Listing was in effect at the time of the ALJ's decision. Doc. #14, PAGEID #554 (citing Doc. #13, PAGEID #548-49). At Step Three of the Commissioner's five-step analysis, the ALJ must determine whether Plaintiff's severe impairments, identified in Step Two, meet or equal an Appendix 1 Listing. If they do, then the ALJ is required to find Plaintiff disabled "without considering the claimant's age, education and work experience." *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987) (citation omitted). As the burden of proof is on Plaintiff at Step Three, she must show that the ALJ's finding that she does not meet or equal Listing 12.05 could not have been supported by substantial evidence. *Id.* at 165. "[T]he evidentiary standards for a presumptive disability under the listings [at Step Three] are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Comm'r of Soc. Sec.*, No. 13-5841, 552 F. App'x 533, 539 (6th Cir. 2014)

2. As of the date of the ALJ's decision, Listing 12.05 read as follows:

> [S]ignificantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in [sub-listings] A, B, C, or D are satisfied

20 C.F.R. Pt. 4 Subpt. P. App'x 1 § 12.05. Sub-listing B requires "[a] valid verbal, performance, or full scale [intelligence quotient ('IQ') score] of [fifty-nine] or less[.]" *Id.* Sub-listing C requires "[a] valid verbal, performance, or full scale IQ [score] of [sixty]

4

through [seventy] and a physical or mental impairment imposing an additional and significant work-related limitation of function[.]" *Id.* Giovanni Bonds, Ph.D., the Commissioner's examining psychologist, assessed a full-scale IQ score of fifty-nine, and other IQ scores ranging between sixty-one and sixty-nine, during her October 10, 2013, consultative evaluation of Plaintiff. Doc. #7, PAGEID #396. The ALJ concluded that "[t]he results of the current intellectual assessment place her intellectual functioning in the extremely low range (56-64) . . . [and] seem consistent with [Plaintiff's] report that she has a severe learning disability and had special education classes in school." *Id.*, PAGEID #78. Nonetheless, the ALJ concluded, "[b]ecause of the level of functioning in her daily life, . . . it appears that she would not meet the B criteria for a diagnosis of Mild [Intellectual Disability], and Borderline Intellectual Functioning [('BIF')] would seem to be more appropriate." *Id.* The ALJ further concluded that Plaintiff's mild limitations in functioning in her daily life meant that she did not have significant adaptive deficits, and thus, did not meet or equal sub-listing B or C. *Id.*

The Magistrate Judge concluded that substantial evidence supported the ALJ's determinations as to both sub-listings B and C. The Magistrate Judge noted that, despite assessing an IQ score of fifty-nine, Dr. Bonds diagnosed Plaintiff with BIF, rather than intellectual disability. Doc. #13, PAGEID #550 (citing Doc. #7, PAGEID #398). Further, "the ALJ considered that Plaintiff helps raise her grandchildren and helps them get ready for school and with homework; performs household chores; handles her own finances and pays bills; manages her own personal care; takes public transportation; and she worked as a family babysitter for several years." *Id.* (citing Doc. #7, PAGEID #76-79). The ALJ also noted that Dr. Bonds assessed a Global Assessment of Functioning ("GAF") score of sixty,

5

indicating moderate symptomology, and that Plaintiff's IQ scores from when she was in school ranged from seventy-one to eighty-two. Doc. #7, PAGEID #78, 398. The Magistrate Judge reasoned that, while there is evidence of record (specifically, Plaintiff's difficulties with reading and writing) upon which the ALJ could have relied to find that Plaintiff had experienced significant adaptive deficits, substantial evidence supported the ALJ's contrary decision; consequently, the Magistrate Judge concluded, this Court has no basis upon which to disturb that finding. Doc. #13, PAGEID #550 (citing Doc. #7, PAGEID #77; *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Peterson*, 552 F. App'x at 539).

Plaintiff argues that Dr. Bonds's "full evaluation" supports the conclusion that she "has significant deficits in adaptive functioning." Doc. #14, PAGEID #555. Plaintiff claims that, because Dr. Bonds's full evaluation cannot reasonably form the basis for rejecting the assessed IQ score of fifty-nine, the ALJ's rejection of same was improper, and the Court should find that ALJ met or equaled Listing 12.05(B) or (C). *Id.*, PAGEID #554-55 (citing *Dragon v. Comm'r of Soc. Sec.*, No. 09-4489, 470 F. App'x 454, 462 (6th Cir. 2012)). Yet, Dr. Bonds's diagnosis of BIF, rather than intellectual disability, suggests that Dr. Bonds considered Plaintiff's functioning to reflect an IQ of above seventy, rather than the score of fifty-nine she assessed. *See Dragon*, 470 F. App'x at 461 ("An affirmative finding of [BIF] is usually associated with I.Q. scores of at least [seventy]."). Given Dr. Bonds's diagnosis, and the fact that the other IQ scores in the record ranged from seventy-one to eighty-two, Doc. #7, PAGEID #78, the ALJ's rejection of the IQ scores assessed by Dr. Bonds was supported by substantial evidence.

Finally, Plaintiff cites her limitations in work skills (opined by Dr. Bonds), social skills

6

(noted by the ALJ) and academic skills (testified to before the ALJ) as "overwhelming evidence that she has significant deficits in adaptive functioning." Doc. #14, PAGEID #555 (citing Doc. #7, PAGEID #79, 99-100, 104-05, 399). Yet, as the Magistrate Judge correctly noted, the ALJ relied upon substantial evidence and cited good reasons for concluding that Plaintiff did not experience significant deficits in adaptive functioning. Doc. #13, PAGEID #550. Accordingly, this Court must affirm the ALJ's decision, even if it may have reached a different result if it were to reweigh the evidence of record.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #13. Plaintiff's Objections to said judicial filing, Doc. #14, are OVERRULED. Judgment shall enter in favor of the Commissioner and against Plaintiff, affirming the Commissioner's decision that Plaintiff was not disabled.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 9, 2018

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT